# EXHIBIT A

AMENDED
## SUMMONS
*(CITACION JUDICIAL)*

**SUM-100**

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

Electronically FILED by
Superior Court of California,
County of Los Angeles
5/01/2024 2:10 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By S. Bolden, Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

UNITEDHEALTH GROUP, INC., a California Corporation (Continued in attachment.)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

HEALTHCARE JUSTICE COALITION CA CORP., a California Corporation

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse, Central District

111 North Hill Street, Los Angeles, CA 90012

**CASE NUMBER:**
*(Número del Caso):*
24STCV10280

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
GARY L. TYSCH, LAW OFFICES OF GARY L. TYSCH, 16133 Ventura Blvd., Suite 580, Encino, CA 91436 818-995-9555

DATE: 05/01/2024     David W. Slayton, Executive Officer/Clerk of Court     Clerk, by _____ S. Bolden _____, Deputy
*(Fecha)*                                                                  *(Secretario)*                      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* UNITED HEALTHCARE BENEFITS PLAN OF CALIFORNIA

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*

4. ☒ by personal delivery on *(date):* 5-6-24

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

 Print this form | Save this form | Clear this form

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| HEALTHCARE JUSTICE COALITION CA CORP. v. UNITEDHEALTHCARE | 24STCV10280 |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

UNITEDHEALTHCARE BENEFITS PLAN OF CALIFORNIA, a California Corporation; UMR, INC., a Delaware Corporation; UNITEDHEALTHCARE COMMUNITY PLAN OF CALIFORNIA, INC., a California Corporation; UNITEDHEALTHCARE INSURANCE COMPANY, a Connecticut Corporation; UNITEDHEALTHCARE INSURANCE COMPANY OF AMERICA, an Illinois Corporation; and DOES 1 through 20, inclusive.

Page ___2___ of ___2___

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

| Print this form | Save this form |
|---|---|



AMENDED
# SUMMONS
## *(CITACION JUDICIAL)*

SUM-100

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

Electronically FILED by
Superior Court of California,
County of Los Angeles
5/01/2024 2:10 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By S. Bolden, Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

UNITEDHEALTH GROUP, INC., a California Corporation (Continued in attachment.)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

HEALTHCARE JUSTICE COALITION CA CORP., a California Corporation

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse, Central District

111 North Hill Street, Los Angeles, CA 90012

| CASE NUMBER: |
|---|
| *(Número del Caso):* |
| 24STCV10280 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
GARY L. TYSCH, LAW OFFICES OF GARY L. TYSCH, 16133 Ventura Blvd., Suite 580, Encino, CA 91436 818-995-9555

| DATE: 05/01/2024 | David W. Slayton, Executive Officer/Clerk of Court | Clerk, by | | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | S. Bolden | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]



**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* UNITED HEALTHCARE COMMUNITY PLAN OF CALIFORNIA, INC.

   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 5-6-24

Page 1 of 1

| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|
| Judicial Council of California | | *www.courts.ca.gov* |
| SUM-100 [Rev. July 1, 2009] | | |

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[Print this form] [Save this form] [Clear this form]

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| HEALTHCARE JUSTICE COALITION CA CORP. v. UNITEDHEALTHCARE | 24STCV10280 |

## INSTRUCTIONS FOR USE

→ This form may he used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff    ☒ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

UNITEDHEALTHCARE BENEFITS PLAN OF CALIFORNIA, a California Corporation; UMR, INC., a Delaware Corporation; UNITEDHEALTHCARE COMMUNITY PLAN OF CALIFORNIA, INC., a California Corporation; UNITEDHEALTHCARE INSURANCE COMPANY, a Connecticut Corporation; UNITEDHEALTHCARE INSURANCE COMPANY OF AMERICA, an Illinois Corporation; and DOES 1 through 20, inclusive.

Page ___2___ of ___2___

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]   [ Save this form ]        

AMENDED
# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

Electronically FILED by
Superior Court of California,
County of Los Angeles
5/01/2024 2:10 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By S. Bolden, Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

UNITEDHEALTH GROUP, INC., a California Corporation (Continued in attachment.)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

HEALTHCARE JUSTICE COALITION CA CORP., a California Corporation

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* Stanley Mosk Courthouse, Central District <br><br> 111 North Hill Street, Los Angeles, CA 90012 | **CASE NUMBER:** <br> *(Número del Caso):* <br> **24STCV10280** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
GARY L. TYSCH, LAW OFFICES OF GARY L. TYSCH, 16133 Ventura Blvd., Suite 580, Encino, CA 91436 818-995-9555

DATE: 05/01/2024   David W. Slayton, Executive Officer/Clerk of Court   Clerk, by   S. Bolden   , Deputy
*(Fecha)*   *(Secretario)*   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ____ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* UMR, INC.
   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 5-6-24

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
For your protection and privacy, please press the Clear
This Form button after you have printed the form.

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

 

SUM-200(A)

| SHORT TITLE:<br>HEALTHCARE JUSTICE COALITION CA CORP. v. UNITEDHEALTHCARE | CASE NUMBER:<br>24STCV10280 |
| --- | --- |

## INSTRUCTIONS FOR USE

→ This form may he used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☒ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

UNITEDHEALTHCARE BENEFITS PLAN OF CALIFORNIA, a California Corporation; UMR, INC., a Delaware Corporation; UNITEDHEALTHCARE COMMUNITY PLAN OF CALIFORNIA, INC., a California Corporation; UNITEDHEALTHCARE INSURANCE COMPANY, a Connecticut Corporation; UNITEDHEALTHCARE INSURANCE COMPANY OF AMERICA, an Illinois Corporation; and DOES 1 through 20, inclusive.

Page __2__ of __2__

Page 1 of 1

Form Adopted for Mandatory Usa
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

For your protection and privacy, please press the Clear This Form button after you have printed the form.        

AMENDED
# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

Electronically FILED by
Superior Court of California,
County of Los Angeles
5/01/2024 2:10 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By S. Bolden, Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

UNITEDHEALTH GROUP, INC., a California Corporation (Continued in attachment.)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

HEALTHCARE JUSTICE COALITION CA CORP., a California Corporation

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse, Central District<br><br>111 North Hill Street, Los Angeles, CA 90012 | **CASE NUMBER:**<br>*(Número del Caso):*<br>24STCV10280 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
GARY L. TYSCH, LAW OFFICES OF GARY L. TYSCH, 16133 Ventura Blvd., Suite 580, Encino, CA 91436 818-995-9555

DATE: 05/01/2024   David W. Slayton, Executive Officer/Clerk of Court   Clerk, by _____ S. Bolden _____, Deputy
*(Fecha)*   *(Secretario)*   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* UNITEDHEALTHCARE INSURANCE COMPANY OF AMERICA
   under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 5-6-24

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009]<br>For your protection and privacy, please press the Clear<br>This Form button after you have printed the form. | **SUMMONS**   Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

Print this form   Save this form    Clear this form

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| HEALTHCARE JUSTICE COALITION CA CORP. v. UNITEDHEALTHCARE | 24STCV10280 |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[ ] Plaintiff    [x] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

UNITEDHEALTHCARE BENEFITS PLAN OF CALIFORNIA, a California Corporation; UMR, INC., a Delaware Corporation; UNITEDHEALTHCARE COMMUNITY PLAN OF CALIFORNIA, INC., a California Corporation; UNITEDHEALTHCARE INSURANCE COMPANY, a Connecticut Corporation; UNITEDHEALTHCARE INSURANCE COMPANY OF AMERICA, an Illinois Corporation; and DOES 1 through 20, inclusive.

Page __2__ of __2__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

For your protection and privacy, please press the Clear This Form button after you have printed the form.

   Save this form



1   GARY L. TYSCH, ESQ. #128389
    LAW OFFICES OF GARY L. TYSCH
2   16133 Ventura Boulevard, Suite 580
    Encino, CA 91436-2411
3
    (818) 995-9555 main
4   (818) 995-9550 facsimile
5   Attorneys for Plaintiff HEALTHCARE
    JUSTICE COALITION CA CORP.
6
7

Electronically FILED by
Superior Court of California,
County of Los Angeles
4/24/2024 12:42 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By E. Galicia, Deputy Clerk

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              FOR THE COUNTY OF LOS ANGELES

10

11   HEALTHCARE JUSTICE COALITION   )   CASE NO.:   24STCV10280
    CA CORP., a California Corporation,   )
12                          )   COMPLAINT FOR:
           Plaintiff,          )
13                          )   1.    BREACH OF IMPLIED CONTRACT;
14       v.                  )   2.    OPEN BOOK ACCOUNT; and
                         )   3.    UNFAIR COMPETITION (BUSINESS &
15   UNITEDHEALTH GROUP, INC., a      )         PROFESSIONS CODE § 17200 ET SEQ.)
    California Corporation;            )
16   UNITEDHEALTHCARE BENEFITS     )
    PLAN OF CALIFORNIA, a California    )
17   Corporation; UMR, INC., a Delaware    )   (Demand for Jury Trial)
    Corporation; UNITEDHEALTHCARE    )
18   COMMUNITY PLAN OF CALIFORNIA, )
    INC., a California Corporation;        )
19   UNITEDHEALTHCARE INSURANCE    )
    COMPANY, a Connecticut Corporation; )
20   UNITEDHEALTHCARE INSURANCE    )
    COMPANY OF AMERICA, an Illinois    )
21   Corporation; and DOES 1 through 20,    )
    inclusive,                     )
22                          )
           Defendants.       )
23   ——————————————————— )

24

25        Plaintiff HEALTHCARE JUSTICE COALITION CA CORP. (hereinafter referred to as

26   "HEALTHCARE JUSTICE") complains and alleges, in its own, independent, proper and

27   individual right, as an assignee of various claims for payment of emergent, professional medical

28   services rendered by various emergency medical groups and physicians:

1

**COMPLAINT**

## GENERAL AND INTRODUCTORY ALLEGATIONS

1.      Plaintiff HEALTHCARE JUSTICE is and at all times relevant was a California Corporation, doing business in the State of California.

2.      Defendant UNITEDHEALTH GROUP, INC. is a California Corporation, licensed to do business in and is and was doing business in California; UNITEDHEALTHCARE BENEFITS PLAN OF CALIFORNIA is a California Corporation, licensed to do business in and is and was doing business in California ; UMR, INC. is a Delaware Corporation, licensed to do business in and is and was doing business in California; UNITEDHEALTHCARE COMMUNITY PLAN OF CALIFORNIA, INC. is a California Corporation, licensed to do business in and is and was doing business in California ; UNITEDHEALTHCARE INSURANCE COMPANY is a Connecticut Corporation, licensed to do business in and is and was doing business in California; UNITEDHEALTHCARE INSURANCE COMPANY OF AMERICA is an Illinois Corporation, licensed to do business in and is and was doing business in California.  All of the defendants (hereinafter referred to collectively as "UHC") are health insurers and/or managed health care companies and service plans, subject to the laws of the State of California and regulated by the Knox Keene Act.

3.      HEALTHCARE JUSTICE's mission is to ensure that emergency medical providers obtain full, fair and appropriate payments from insurers and to prevent the underpayment of emergency medical providers' claims for emergency medical services rendered by physicians and physician groups to patients seen in the emergency rooms and emergency departments of hospitals. HEALTHCARE JUSTICE recovers the balances due from health care insurers and other payors to pay emergency room providers for lifesaving and medically necessary healthcare-related services rendered by California-licensed medical physicians and professionals, who have assigned their claims and rights to payments from insurers and payors to HEALTHCARE JUSTICE.

4.      HEALTHCARE JUSTICE does business with emergency medicine practice groups, including but not limited to NES WESTERN GROUP, P.C., SANTA ANA PHYSICIANS GROUP, P.C., Santa Ynez River Physicians, P.C. and Sunshine Physician Services, P.C. (hereinafter referred to collectively as the "Providers"), who are responsible for providing

1  lifesaving, emergent healthcare services to members and/or subscribers of

2  UNITEDHEALTHCARE's health care service plans. Defendant UNITEDHEALTHCARE either

3  failed to pay or significantly underpaid those Providers and others for their provision of

4  professional services rendered in emergency rooms. HEALTHCARE JUSTICE has since been

5  assigned the account receivables from the Providers and others and has been assigned both those

6  accounts and all rights and remedies to assert the Providers' entitlements to payment and recovery

7  against UNITEDHEALTHCARE, including the right to sue UNITEDHEALTHCARE for recovery

8  of amounts owed to the Providers.

9       5.      HEALTHCARE JUSTICE works to ensure that emergency physicians and

10  emergency medicine groups are not underpaid by health plans and insurers such as

11  UNITEDHEALTHCARE. Systemic under-payments of emergency healthcare providers by health

12  plans threaten the stability, financial health and viability of America's health care system. Even

13  when practice groups are not bankrupted or emergency departments shuttered, as a result of

14  underpayment by insurers, providers may still be forced to significantly reduce their provision of

15  emergency services which negatively impacts patient care. The situation is especially dire in rural

16  areas, where the closure of an emergency department can force people to travel great distances for

17  basic emergency care. For people suffering from strokes, heart attacks, and other life-threatening

18  conditions, of course, even minutes can be the difference between life and death. HEALTHCARE

19  JUSTICE's mission is to obtain reasonable payment for emergency services so that doctors can

20  continue to render vital, emergent care to all Americans.

21       6.      Generally, physicians and other providers can, but are not obligated to, enter formal

22  contractual arrangements with health care service plans, insurers, and other payors. Under such

23  formal contracts, the provider agrees to accept less than what they bill for services provided to

24  patients in exchange for the various benefits of being contracted, including being listed on insurers'

25  in-network rosters, which drive business to those providers and increase the volume of patients

26  seen by the providers. In the emergency medicine context, these benefits include, among others,

27  the right to prompt and timely payment of claims, the ability to submit electronic bills and

28  communications to the payor, and certainty over the rates of payment that physicians will receive

1    for their services.

2          7.     None of these benefits are available to providers where the two sides have not

3    agreed to enter into a formal agreement.  In the "out-of-network" scenario, physicians do not

4    receive any of the benefits described, and have not agreed in advance to defined or certain

5    reimbursement rates with the payor.  They therefore have no reason to accept less than their full

6    charges for healthcare services rendered.  Where a health plan declines to pay an out-of-network

7    physician's charges or underpays for those charges, the physician is entitled to seek payment of his

8    or her full bill.  Oftentimes, physicians are willing to enter into an agreement but are forced to

9    operate "out-of-network" because the health plan or payor simply refuses to contract with them.

10         8.     The Knox-Keene Act and its governing regulations contemplate that plans will

11   create networks of contracted providers, but they also contemplate that a substantial amount of care

12   will be rendered on an "out-of-network" basis – especially in the emergency context, where a

13   patient is generally brought to the nearest emergency room regardless of that emergency room's

14   network status.  For this reason, the Knox-Keene Act established required levels of payment for

15   emergency and certain post- emergency stabilization care for out-of-network providers.

16         9.     None of the Providers had written contracts with UNITEDHEALTHCARE.  All of

17   the Providers were therefore out-of-network with UNITEDHEALTHCARE at the time the services

18   at issue in this case were rendered.   UNITEDHEALTHCARE was therefore required to and must

19   now therefore pay HEALTHCARE JUSTICE for emergency services based upon the reasonable

20   and customary value of the emergency services provided by the Providers, which value may be as

21   much as the full billed charges for those services.  See, *e.g.*, *Health & Safety Code* §§ 1262.8,

22   1371, 1371.35, 1371.4, and *California Code of Regulations*, tit. 28, § 1300.71(a)(3)(B).

23         10.    UNITEDHEALTHCARE, however, either failed to pay anything at all to the

24   Providers for the services rendered emergently to UNITEDHEALTHCARE's members or paid

25   much less than the reasonable value and less than the *quantum meruit* value of those services.  In

26   those cases where UNITEDHEALTHCARE has failed to pay anything at all to the Providers, it has

27   acknowledged that the claim is otherwise payable and that the patient who received services was a

28   covered member of UNITEDHEALTHCARE who was covered, insured or a member/subscriber

4

**COMPLAINT**

1    on the date that emergent services were rendered by the Providers.

2           11.    HEALTHCARE JUSTICE is informed and believes and thereon alleges that

3    UNITEDHEALTHCARE's inadequate reimbursements are, in part, a result of its failure to

4    consider the "minimum criteria" set forth by Knox-Keene regulations when it determined the

5    allowable amounts payable for physician services rendered by the Providers, in the absence of a

6    contract.  See, *California Code of Regulations*, tit. 28, § 1300.71(a)(3)(B). These minimum criteria

7    include: (I) the provider's training, qualifications, and length of time in practice; (ii) the nature of

8    the services provided; (iii) the fees usually charged by the provider; (iv) prevailing provider rates

9    charged in the general geographic area in which the services were rendered; (v) other aspects of the

10   economics of the medical provider's practice that are relevant; and (vi) any unusual circumstances

11   in the case.  *Id.*

12          12.    UNITEDHEALTHCARE's conduct also constitutes an "unfair payment pattern"

13   within the meaning of Knox-Keene regulations.  "[A]n 'unfair payment pattern' means any

14   practice, policy or procedure that results in repeated delays in the adjudication and correct

15   reimbursement of provider claims." *California Code of Regulations*, tit. 28, § 1300.71(a)(8).  (An

16   extensive, but not exhaustive list, of unfair payment patterns engaged in by

17   UNITEDHEALTHCARE are set forth in the Third Cause of Action for Unfair Competition

18   below.)

19          13.    HEALTHCARE JUSTICE has been assigned the reimbursement claims at issue and

20   has the necessary rights and ability to sue to recover the reasonable and/or *quantum meruit* value

21   for the services provided.  Accordingly, UNITEDHEALTHCARE is liable to HEALTHCARE

22   JUSTICE on the theories set forth below in a total amount in excess of $2,000,000.00, plus

23   interest.

24          14.    HEALTHCARE JUSTICE will provide a full list of the underpaid claims to

25   UNITEDHEALTHCARE upon request.  The list has not been included with this Complaint in

26   order to avoid the unnecessary disclosure of Protected Health Information (PHI) under the Health

27   Insurance Portability and Accountability Act of 1996 (HIPAA).

28          15.    Venue is properly laid in this Court, because UNITEDHEALTHCARE does

                                                  5
                                            **COMPLAINT**

1    business in and have offices throughout the County of Los Angeles and/or the contracts were

2    breached within the venue of this Court.

3         16.    The true names and capacities, whether individual, corporate, associate, or

4    otherwise, of defendants DOES 1 through 20, inclusive, are unknown to plaintiff, who therefore

5    sue said defendants by such fictitious names.  Plaintiff is informed and believes and thereon alleges

6    that each of the defendants designated herein as a DOE is legally responsible in some manner for

7    the events and happenings referred to herein and legally caused injury and damages proximately

8    thereby to plaintiff.  Plaintiff will seek leave of this Court to amend this Complaint to insert their

9    true names and capacities in place and instead of the fictitious names when they become known to

10   them.

11        17.    All of the claims asserted in this Complaint against UNITEDHEALTHCARE and

12   DOES 1 through 20, inclusive, and each of them,  are based upon the individual rights of certain

13   emergency medical groups and/or emergency room physicians, the Providers, who provided

14   emergency medical care, treatment and services to UNITEDHEALTHCARE members in the

15   emergency departments of various hospitals in the State of California.  Each of the Providers has

16   assigned certain claims and rights to recover payment for emergency medical services, professional

17   services, treatment and care to HEALTHCARE JUSTICE, thereby affording HEALTHCARE

18   JUSTICE the right to enforce the Providers' rights to receive and recover reimbursement and

19   payment from UNITEDHEALTHCARE.

20        18.    In filing this Complaint, HEALTHCARE JUSTICE explicitly chooses not to pursue

21   any rights or causes of action based on the Employee Retirement Income Security Act of 1974

22   (ERISA) or the Medicare Act.  HEALTHCARE JUSTICE pursues each of the causes of action

23   below based on its assignment of the emergency physicians' direct right to reimbursement from

24   UNITEDHEALTHCARE.  By this Complaint, HEALTHCARE JUSTICE does not seek to pursue

25   any derivative right to ERISA benefits under any ERISA-governed health benefit plan or Medicare

26   benefits under any Medicare Advantage plan, and specifically disclaims any intent to assert, in this

27   action, any derivative right to benefits from any ERISA-governed plan, any Medicare Advantage

28   plan or any delegee of such Medicare Advantage Plan.

19.     The Providers' claims assigned to plaintiff HEALTHCARE JUSTICE belonged to and were owned by the Providers (prior to their assignment to plaintiff), in their own individual and proper capacities and were not derivative of the contractual or other rights of the Providers' patients.  The subject claims arise out of the interactions of those Providers with UNITEDHEALTHCARE and DOES 1 through 20, inclusive and are based upon the rights and duties of those entities, under California law.  Plaintiff does **not** seek to enforce the contractual rights of UNITEDHEALTHCARE's members or subscribers through their members' insurance contracts, policies, certificates of coverage or other written insurance agreements or instruments, nor does plaintiff assert any rights to payment by or from UNITEDHEALTHCARE, based upon such insurance contracts, policies, certificates of coverage or other written insurance agreements or instruments, either as an assignee or beneficiary of such contracts.

20.     Rather, HEALTHCARE JUSTICE seeks payment from UNITEDHEALTHCARE for the professional services the Providers rendered to their patients, based upon their own independent rights to payment, by virtue of their statutory rights to reimbursement under California law and their entitlement to payment based upon California law.  Plaintiff seeks payment from UNITEDHEALTHCARE for the services the Providers rendered to their patients, based upon the interactions between UNITEDHEALTHCARE and Providers, which gave rise to quasi-contractual, contractual and/or statutory rights to recovery.  Providers disclaim and do not seek to assert any derivative claims that could be asserted by any patient of the Providers, including any claims under ERISA or any claims for recovery of benefits under the terms of any ERISA Plan, Plan Agreement, Summary Plan Description or Insurance Agreement that may have applied to the patient and which governed the duties and obligations of UNITEDHEALTHCARE.

## FACTS

21.     This complaint arises out of the failure and refusal of UNITEDHEALTHCARE to pay Providers appropriately for the charges associated with the emergent treatments, surgeries, procedures, care and professional services rendered by those Providers to UNITEDHEALTHCARE's members and subscribers who were seen in the emergency room and

1  who received emergency medical services.  In some instances, UNITEDHEALTHCARE has not

2  paid for the emergent, professional medical services rendered by the Providers at all.  In other

3  instances, UNITEDHEALTHCARE has underpaid for emergent, professional medical services

4  rendered by the Providers, by failing and refusing to pay reasonable or *quantum meruit* amounts for

5  the services rendered in the emergency rooms, as required by law.

6       22.    At the time that emergency physicians rendered emergency services to members

7  under UNITEDHEALTHCARE's Plans, the Providers did not have contracts with

8  UNITEDHEALTHCARE, and they set their own reasonable rates and charges for the care they

9  provided to UNITEDHEALTHCARE's members.  While in-network providers were paid at a pre-

10  negotiated rate which was determined through negotiations prior to the dates services were

11  rendered, out-of-network providers were instead required to be paid an unspecified amount,

12  equivalent to an unspecified "allowed amount", less any coinsurance amounts, deductible

13  payments and/or co-payment amounts owed by the members per the insurance contracts covering

14  UNITEDHEALTHCARE's members.  The actual amount of payment was never known to out-of-

15  network providers in advance and there was no transparent way for out-of-network providers to

16  ascertain the amount that they would be paid from UNITEDHEALTHCARE or by reference to any

17  independent source.  As a rule, the coinsurance amount payable by UNITEDHEALTHCARE

18  members (patients) when they sought and obtained out-of-network care was always greater than the

19  coinsurance amount owed for the same services received from in-network providers, meaning that

20  the patient's out-of-pocket share of cost was greater and the provider was paid less by

21  UNITEDHEALTHCARE.  In each instance when claims had been previously submitted by the

22  Providers to UNITEDHEALTHCARE, UNITEDHEALTHCARE had adjudicated, adjusted and

23  paid the claims in an amount it unilaterally had determined to be an appropriate amount, without

24  considering the billed charges assessed by the Providers.

25       23.    Unbeknownst to the Providers and the public at-large, however, the allowed amount

26  paid to out-of-network providers was also substantially less than the average contract rate paid to

27  in-network providers, providing the same services.  Thus, UNITEDHEALTHCARE not only

28  benefitted from its members' choice of use of out-of-network doctors because

1  UNITEDHEALTHCARE paid those providers at a rate significantly less than the amount paid to

2  preferred providers who were in-network, but also because the portion of the allowed amount paid

3  by UNITEDHEALTHCARE (through coinsurance) was also significantly less than the amount

4  paid to network-providers.  In fact, therefore, UNITEDHEALTHCARE always benefitted from its

5  members' use of out-of-network providers, by paying less than what in-network providers would

6  have been paid for the same services.

7      24.     Unlike an HMO, PPO or in-network provider, the Providers did not agree to bear

8  any financial risk or to share financial risk with UNITEDHEALTHCARE.  Unlike HMO providers

9  who are usually paid on a capitated basis, whether they provide services or not, in the instant

10  action, Providers would only be paid for services they rendered, if such services were rendered.

11  The Providers never agreed to bear the risk of non-payment if an insured of

12  UNITEDHEALTHCARE might ultimately not be covered, after services had been rendered by the

13  Providers.

14      25.     For a number of years, on numerous occasions, Providers had rendered emergent

15  care, treatment and therapies to various patients who were members of UNITEDHEALTHCARE.

16  After each treatment had been rendered, the Providers submitted itemized bills, claim forms and

17  other documentation relating to the services rendered and the costs incurred to treat their patients to

18  UNITEDHEALTHCARE.  On each prior occasion, when claims for treatment were tendered to

19  UNITEDHEALTHCARE by the Providers, UNITEDHEALTHCARE paid the claims, representing

20  that it had paid reasonable amounts or that its allowed amounts were reasonable, appropriate,

21  lawful, and/or comparable to the amounts paid to in-network, emergency providers in the same or

22  similar geographical area.  The Providers believed and relied upon the past representations of

23  UNITEDHEALTHCARE that they were being paid at reasonable and lawful rates.  As such, a

24  pattern, custom, practice and habit had developed between the parties, by which Providers would

25  submit claims for reimbursement of the cost of their treatment, and would be paid directly by

26  UNITEDHEALTHCARE at amounts deemed and alleged by UNITEDHEALTHCARE to be

27  reasonable, appropriate, lawful, and/or comparable to the amounts paid to in-network, emergency

28  providers in the same or similar geographical area.

**COMPLAINT**

26.   As a result of the numerous times that UNITEDHEALTHCARE and the Providers had gone through the process of claim submission and payment of claims submitted by the Providers, a trade custom and usage had developed among the parties whereby it was tacitly understood and accepted by the parties that UNITEDHEALTHCARE would pay for emergency care and professional charges at rates equivalent to reasonable, appropriate, lawful amounts, and/or which were comparable to the amounts paid to in-network, emergency providers in the same or similar geographical area.  This custom and usage was, at all relevant times, well known to the Providers and to UNITEDHEALTHCARE.

27.   At all relevant times, Providers provided medically necessary and appropriate, emergent medical care, treatment and professional services to UNITEDHEALTHCARE's members. At all relevant times, Providers genuinely and in good faith believed that their patients required emergency services.  At all times, when providing services to those patients, Providers acted unofficiously and with the intent to charge, be reimbursed, be paid and be compensated for the reasonable value of  those services by UNITEDHEALTHCARE.  The services supplied by Providers were immediately necessary to prevent serious bodily harm to and suffering by their patients and constituted "necessaries."

28.   Implied in the tacit agreement that UNITEDHEALTHCARE struck with Providers through its prior pattern and practice of claims payment for emergency services was a promise that UNITEDHEALTHCARE would act in good faith, honestly, with integrity and in compliance with all applicable laws, statutes, regulations, and common law requirements, including but not limited to California Insurance Codes, California Health & Safety Codes, and the regulations promulgated by the California Department of Insurance and California Department of Managed Health Care. Providers had a right to believe and reasonably believed that UNITEDHEALTHCARE would engage in acts which were in good faith, honest and in compliance with all applicable laws, statutes, regulations and common law requirements.  Providers had a right to believe and reasonably believed that UNITEDHEALTHCARE would honor the law and would not engage in activities which were illegal, prohibited by law or unlawful.

29.   Providers reasonably relied upon the assumption that UNITEDHEALTHCARE

10
**COMPLAINT**

1   would not act in contravention of law, statute or regulations and would not engage in prohibited

2   practices.  Providers also justifiably and reasonably assumed that UNITEDHEALTHCARE could

3   not and would not deny its duty to pay, reimburse or cover the emergent professional services

4   rendered by Providers, nor would it fail and refuse to pay reasonable amounts to them.

5         30.    For each of the claims at issue in this case, UNITEDHEALTHCARE adjusted the

6   claims and then issued an Explanation of Benefits Statement or Provider Remittance Statement to

7   the Providers. For each of the claims at issue in this case, the "Explanation of Benefits Statements"

8   indicated that no payment was being made by UNITEDHEALTHCARE and/or that payments were

9   being made which either were  reasonable or authorized by law.  When no payments were made by

10   UNITEDHEALTHCARE, UNITEDHEALTHCARE admitted that its insured, member and/or

11   subscriber who was a patient of the Providers was eligible for coverage, and entitled to coverage on

12   the date of service.  UNITEDHEALTHCARE has not disclaimed that it is not required to provide

13   payment or reimbursement for any of the emergency services rendered by the Providers in this

14   action on the grounds that the patient was ineligible for coverage, was no longer a subscriber or

15   was otherwise not covered on the date that the patient received service in the emergency room.

16         31.    In fact, for each of the claims at issue in this case, UNITEDHEALTHCARE has

17   either refused to pay any amount at all or has paid an amount equivalent to a percentage of

18   Medicare or other governmental payment plan, although the UNITEDHEALTHCARE plan

19   involved is not a Medicare plan or other government payment plan and is not affiliated with any

20   governmental payment plan.  Payment of Medicare rates or other rates associated with

21   governmental payment plans is inherently not representative of or equivalent to rates paid for

22   emergency medical services between doctors or medical groups and insurers or other payors who

23   negotiate their rates from an arm's length distance.  In fact, the utilization of Medicare rates or

24   other rates associated with governmental payment plans is strictly prohibited by California law in

25   determining the reasonable reimbursement rates for emergency medical services rendered by out-

26   of-network providers.  Application of Medicare rates or other rates associated with governmental

27   payment plans is *per se* a violation of California law, such that a presumption is established that

28   UNITEDHEALTHCARE has underpaid the claims of the Providers and that it has incompetently

1   determined the reasonable rates which should have been paid to the Providers.

2        32.    Alternatively, the allowed amount or payment amount paid by

3   UNITEDHEALTHCARE to the Providers was determined by data analytics firms and/or vendors,

4   which set rates using flawed, unfair, collusive, and/or fraudulent rates which were unrelated to the

5   fair market value of the services rendered by the Providers.  Instead, the data analytics firms used

6   rates which were arbitrary and capricious and which had no connection with fair market principles

7   or *quantum meruit* assessments.  The data analytics firms and vendors were incentivized to

8   depreciate the true and fair market value of the Providers' services, because they were paid a

9   percentage of difference between the amount that the providers had billed and the amount that was

10   ultimately determined to be allowed by the insurer.  As such, the data analytics firms and vendors

11   were conflicted and had a vested interest in minimizing the amounts paid to the Providers, in order

12   to ingratiate themselves to UNITEDHEALTHCARE at the expense of the Providers.  Likewise,

13   UNITEDHEALTHCARE was incentivized to pay as little as possible and to allow the data

14   analytics firms and vendors to depreciate the value of the Providers' claims, because it could pay

15   less money on those claims, yet appear to be paying a fair amount, determined by an "independent"

16   vendor which analyzed claims payment and billing data and which was charged with determining a

17   reasonable value for the Providers' services.

18        33.    Defendants, and each of them, have, with the assistance of and in concert with these

19   data analytics firms and vendors, sought to replicate a scheme involving a fraudulent database

20   which determined allowable amounts, formerly known as Ingenix.  Ingenix created a

21   reimbursement database used by various insurers until its scheme was discovered and it was forced

22   out of business.  In 2009, the New York State Attorney General concluded that Ingenix's data

23   analytics and database was "fraudulent and conflict of interest ridden."  Instead of Ingenix, insurers

24   were legally required to use a new, not-for-profit and independent data analytics entity, until the

25   legal mandate requiring them to use that entity expired in 2014.  Since 2014,

26   UNITEDHEALTHCARE has instead contracted with other data analytics firms or vendors who are

27   for-profit, who have conflicts of interest with UNITEDHEALTHCARE and who have repeated the

28   same frauds and artifices that were committed by Ingenix, for the benefit of those firms and/or

12
COMPLAINT

1  vendors and for the benefit of UNITEDHEALTHCARE.

2       34.    UNITEDHEALTHCARE has failed and refused to pay, reimburse and indemnify

3  and continue to deny payment, indemnification and reimbursement to Providers for the services

4  rendered by Providers and/or have failed and refused to pay, reimburse and indemnify the

5  Providers using reasonable and/or *quantum meruit* values for the emergency services rendered.

6  UNITEDHEALTHCARE has wrongfully profited, benefitted and been unjustly enriched by their

7  failure and refusal to pay benefits in appropriate amounts or at all.

8       35.    As an actual, legal and proximate result of the aforementioned conduct of

9  UNITEDHEALTHCARE, and each of them, the Providers have suffered, damages under the

10  implied agreement, plus interest, and other economic and consequential damages, for a total

11  amount to be shown at the time of trial.

12       36.    UNITEDHEALTHCARE has been directly and indirectly benefitted from its acts

13  and omissions by inducing Providers to render services and treatments, since

14  UNITEDHEALTHCARE received the benefit of having its obligations to its insured discharged

15  and derived a benefit from the treatment of the Providers' patients.  UNITEDHEALTHCARE also

16  benefitted by artificially decreasing the amounts it paid to out-of-network providers, including the

17  Providers, since it profited by decreasing its payment obligations.  For each dollar not paid to a

18  Provider, UNITEDHEALTHCARE's profits increased commensurately.

19       37.    As out-of-network providers, the Providers had never agreed to accept any risk of

20  liability for their patients or to act as insurers or indemnitors for their patients who were members

21  of UNITEDHEALTHCARE or to allow UNITEDHEALTHCARE's risks as insurers to be shifted

22  to Providers (in the same way that in-network providers agree to accept and allow the risk of

23  insurance to be shifted to them and to become insurers for their patients).  Yet, the acts and

24  omissions of UNITEDHEALTHCARE effectively shifted the risk of insurance from

25  UNITEDHEALTHCARE to Providers, by forcing Providers to pay for the cost of Providers' own

26  services rendered to their patients on the claims involved in this case.  Had this risk not been

27  shifted from UNITEDHEALTHCARE to Providers, UNITEDHEALTHCARE would have been

28  obligated to pay for the cost of services rendered by Providers to their patients.  Thus,

**COMPLAINT**

1    UNITEDHEALTHCARE improperly shifted the burden of coverage, indemnification and

2    insurance upon Providers and unlawfully avoided their own risk at the expense of the Providers.

3    UNITEDHEALTHCARE was unjustly enriched as a result of this artifice.

4

5                    **FIRST CAUSE OF ACTION FOR BREACH OF IMPLIED**

6                       **CONTRACT AGAINST ALL DEFENDANTS**

7            38.    Plaintiff incorporates all allegations set forth in the above paragraphs as though

8    fully set forth herein.

9            39.    UNITEDHEALTHCARE owes HEALTHCARE JUSTICE payments and damages

10   based upon implied contracts that existed between all of the defendants and the Providers, which

11   required payment for emergent professional services, treatments, and care rendered by the

12   Providers at reasonable rates and/or on a *quantum meruit* basis.

13           40.    Both federal and state law require emergency physicians such as the  Providers to

14   render emergency services to all patients who present at the emergency department of a hospital

15   regardless of insurance coverage or ability to pay.  See 42 *U.S.C.* § 1395dd ("*EMTALA*") and

16   *California Health & Safety Code* § 1317.  By virtue of these mandates, emergency room physicians

17   are required to provide emergent services to all patients, regardless of their ability to pay and

18   regardless of whether they have insurance coverage, including rendering care to indigent patients,

19   from whom providers almost never recover any payment for the services rendered, and patients

20   covered by Medicare and Medicaid, which are government-funded health care programs that tend

21   to pay unsustainably low rates.

22           41.    California common law and *Health & Safety Code* § 1371.4 impose a reciprocal

23   duty on health plans, including UNITEDHEALTHCARE, and their delegees to timely and

24   accurately pay the Providers and other physicians for the provision of emergency medical care to

25   their members.

26           42.    These reciprocal legal duties—the duty to provide emergency care on the one hand,

27   and the duty to pay for emergency care on the other—create an implied-in-law obligation for

28   UNITEDHEALTHCARE to pay for emergency care rendered to UNITEDHEALTHCARE's

                                             14
                                        **COMPLAINT**

1    members.  See, *e.g.*, *Bell v. Blue Cross of California* (2005) 131 Cal.App.4th 211.  The obligation

2    of a health care service plan or its delegee to reimburse a hospital or emergency room physicians

3    for emergency services is grounded in the common law and is explained in *Restatement of*

4    *Restitution* (1937) § 114.  Section 114, titled "Performance of Another's Duty to a Third Person in

5    an Emergency," states:

6              "A person who has performed the duty of another by supplying a third person with

7              necessaries, although acting without the other's knowledge or consent, is entitled to

8              restitution from the other therefor if: he acted unofficiously and with intent to

9              charge therefor, and the things or services supplied were immediately necessary to

10             prevent serious bodily harm to or suffering by such person."

11         43.    UNITEDHEALTHCARE had a duty to provide emergency care to the plan

12   members assigned to it or covered under their plans or to pay for emergency services when those

13   services were provided by out-of-network providers.  When those members presented to the

14   emergency room, the emergency physicians fulfilled that duty on UNITEDHEALTHCARE's

15   behalf.  The provision of emergent medical services to UNITEDHEALTHCARE's members

16   triggered defendant's duty to pay the reasonable value for those services to the Providers.

17         44.    At all relevant times, Providers rendered care, treatment and services to

18   UNITEDHEALTHCARE's members in good faith and in reliance upon the implied duty of

19   UNITEDHEALTHCARE to pay a reasonable reimbursement rate for those services, pursuant to

20   *California Health & Safety Code* § 1317.  Each defendant had a duty to honor its commitment to

21   pay and reimburse the Providers a reasonable rate and amount for all of the emergent care,

22   treatment and services rendered by Providers, pursuant to *California Health & Safety Code* § 1317.

23         45.    The Providers tendered claims for the emergent services they rendered to

24   UNITEDHEALTHCARE.  Following UNITEDHEALTHCARE's failure to pay a reasonable value

25   for the emergency services to the Providers, HEALTHCARE JUSTICE was assigned those claims

26   from the Providers, including the rights to enforce the Providers' rights to receive payment for

27   emergency services and to pursue those claims in litigation against UNITEDHEALTHCARE.

28         46.    By virtue of UNITEDHEALTHCARE's legal obligation to pay Providers for those

1    emergent services rendered by the Providers, an implied contract existed between Providers and

2    UNITEDHEALTHCARE. Those implied contracts have been lawfully assigned, sold and

3    transferred to HEALTHCARE JUSTICE.  All of the rights and remedies originally owned by the

4    Providers have been lawfully assigned, sold and transferred to HEALTHCARE JUSTICE,

5    including the right to sue for and recover payments and under-payments from

6    UNITEDHEALTHCARE.

7           47.    Providers provided treatment to members and subscribers of

8    UNITEDHEALTHCARE.  UNITEDHEALTHCARE has refused to pay, and continues to refuse to

9    pay Providers for the whole and/or any part of the sums owed to Providers for the treatment

10    services provided to UNITEDHEALTHCARE's members.  Alternatively,

11    UNITEDHEALTHCARE has refused to pay the reasonable value of the emergent professional

12    services rendered by the Providers to UNITEDHEALTHCARE's members and has therefore

13    underpaid the claims of the Providers.  As such, UNITEDHEALTHCARE has breached the

14    implied contracts and agreements that existed with Providers, resulting in damages to Providers.

15    The Providers have assigned these claims and rights to pursue payment to HEALTHCARE

16    JUSTICE.

17           48.    As a result of the custom and practice of claims submission and claim payment that

18    had historically transpired between the Providers and UNITED HEALTHCARE,

19    UNITEDHEALTHCARE's prior allegations that it had paid appropriate amounts or reasonable

20    amounts for out-of-network, emergency services and the Providers belief that

21    UNITEDHEALTHCARE was abiding by all applicable laws in paying appropriate amounts for

22    Providers' services, the Providers were induced to continue to submit claims to

23    UNITEDHEALTHCARE for the services they had rendered to UNITEDHEALTHCARE

24    members.  Providers detrimentally relied upon the past pattern of payments and representations of

25    accurate and appropriate payments made by UNITEDHEALTHCARE.

26    / / /

27    / / /

28    / / /

16
**COMPLAINT**

## SECOND CAUSE OF ACTION FOR OPEN BOOK

## ACCOUNT AGAINST ALL DEFENDANTS

49.     HEALTHCARE JUSTICE incorporates all allegations set forth above as though fully set forth herein.

50.     For years, the Providers rendered emergency services to members assigned to UNITEDHEALTHCARE.  In many instances, UNITED HEALTHCARE was obligated to pay a reasonable value for those services under the Knox-Keene Act.  Providers submitted bills for reimbursement to UNITED HEALTHCARE on industry-standard HCFA-1500 claim forms.

51.     The written documentation maintained and exchanged by the parties, including bills to UNITED HEALTHCARE for services rendered and UNITEDHEALTHCARE's payments to the Providers reflect the precise "debits" and "credits" that run between the parties.

52.     The parties maintained their debits and credits in an open book account through an organized and shared system of bookkeeping.  This system consisted of various documents, including but not limited to, the bills submitted by the Providers on industry-standard HCFA-1500 claim forms; itemized bills for all goods and services furnished to UNITEDHEALTHCARE's members, a copy of which are maintained in various electronic health record systems; and written correspondence acknowledging the receipt of those claims.

53.     UNITEDHEALTHCARE failed to pay the Providers and/or other emergency physicians on the open book accounts either at all or in appropriate amounts, equivalent to the reasonable, lawful and/or *quantum meruit* value of those claims, which have since been assigned to HEALTHCARE JUSTICE.

54.     Accordingly, a common count has arisen between the emergency physicians on the one hand and UNITEDHEALTHCARE on the other for services rendered.  UNITEDHEALTHCARE became indebted to the Providers on open book accounts to be proven at trial minus amounts already paid, plus interest.  Those open book accounts have been assigned to and assumed by HEALTHCARE JUSTICE.

/ / /

/ / /

17

**COMPLAINT**

**THIRD CAUSE OF ACTION FOR UNFAIR**

**COMPETITION (CALIFORNIA BUSINESS & PROFESSIONS**

**CODE § 17200 ET SEQ.) AS AGAINST ALL DEFENDANTS**

55.    HEALTHCARE JUSTICE incorporates all allegations set forth above as though fully set forth herein.

56.    UNITEDHEALTHCARE has repeatedly engaged in unfair and unlawful business practices within the meaning of Business & Professions Code § 17200 et seq. (and also unfair payment patterns within the meaning of the Knox-Keene regulations) by engaging in the following acts and omissions, among others:

- Failing to pay reasonable and customary value for emergency services, as required under the Knox-Keene Act, and instead basing their payments on other inappropriate criteria;

- Failing to pay any amount for emergency services, as required under the Knox-Keene Act, by denying claims for emergency services in full;

- Failing to consider the minimum criteria for determining the reasonable level of payment for professional emergency services in the absence of a contract. See, California Code of Regulations, tit. 28 § 1300.71(a)(3)(B). On information and belief, UNITEDHEALTHCARE did not consider all of the required criteria for determining the value of payments to the Providers;

- Utilizing Medicare and other governmental payment plan rates to determine the allowed or payable amounts owed to the Providers; and

- Engaging in these and other "unfair payment patterns" in violation of Knox-Keene regulations and statutes.  For example, on information and belief, UNITEDHEALTHCARE has displayed a demonstrable and unjust pattern of reducing the amount of payment or denying complete and accurate claims in violation of Health & Safety Code § 1371.37.

- Retaining data analytics firms to assess the reasonable value of the Providers' claims and charges, knowing that the values deemed reasonable were not lawful,

18

**COMPLAINT**

reasonable, customary, usual, or *quantum meruit*, knowing that those rates were undervalued, and were arbitrary and capricious; and

- Incentivizing the data analytics firms and vendors to depreciate the reasonable and *quantum meruit* value of the Providers' services by paying those firms and vendors a percentage for the difference between the billed charges and the allowed charges deemed payable by the firms and vendors, such that the firms and vendors received a commission on every extra dollar they shaved from the allowed amounts they deemed payable to the Providers.

57.    The Providers have suffered a real and concrete injury-in-fact as a result of defendant's unfair and unlawful business practices, which have resulted in drastically lower payments, or in some cases, no payment at all on the emergency claims.  The Providers' rights to be reasonably, adequately and lawfully paid for their services rendered to UNITEDHEALTHCARE's members have been validly assigned, sold and transferred to HEALTHCARE JUSTICE, which now owns those claims and *choses in action*.

58.    Moreover, the unfair and unlawful practices alleged above caused harm to the patients and consumers for whose care UNITEDHEALTHCARE is directly responsible.  UNITED HEALTHCARE has an obligation to pay sufficient reimbursement on commercial claims, and by doing so, do its part to support a sustainable healthcare system.  By denying fair reimbursement to the Providers, UNITEDHEALTHCARE has unjustly enriched itself at their expense.  And by underpaying for emergency care on an enterprise-wide basis, UNITED HEALTHCARE undermined the operation of the healthcare system itself.  HEALTHCARE JUSTICE seeks to rectify these wrongs.

59.    In order to remedy these unfair and unlawful violations, HEALTHCARE JUSTICE seeks restitution and disgorgement of the amounts wrongfully withheld by UNITED HEALTHCARE in violation of the Knox-Keene Act for emergency and certain post-stabilization services rendered, in an amount to be determined at trial.

60.    By this cause of action, HEALTHCARE JUSTICE does not seek any injunction that is "legally unavailable" under the Unfair Competition Law.  In accordance with governing law,

19

**COMPLAINT**

1 | HEALTHCARE JUSTICE does not seek, and expressly disclaims, any injunction that would

2 | require UNITED HEALTHCARE not to underpay or refuse to pay the reasonable value for future

3 | emergency services.  See, *e.g., Long Beach Memorial Medical Center v. Kaiser Foundation Health*

4 | *Plan, Inc.*, 71 Cal. App. 5th 323 (2021).

5

6 | **PRAYER FOR DAMAGES**

7 | WHEREFORE, plaintiff HEALTHCARE JUSTICE prays:

8 | 1.     For compensatory damages in an amount to be proven at trial in excess of $2,000,000.00;

9 | 2.     For restitution from UNITED HEALTHCARE in an amount to be proven at trial;

10 | 3.     For legal interest, in accordance with California law;

11 | 4.     For all such other relief as the Court considers proper.

12 | Dated: April 24, 2024                    LAW OFFICES OF GARY L. TYSCH

13

14 | By:_____/s/ Gary L. Tysch_____

15 | GARY L. TYSCH
     Attorneys for Plaintiff HEALTHCARE
     JUSTICE COALITION CA CORP.

16

17 | **DEMAND FOR JURY TRIAL**

18 | Plaintiff HEALTHCARE JUSTICE COALITION CA CORP. hereby demands a trial by

19 | jury on all issues triable to a jury in this action.

20 | Dated: April 24, 2024                    LAW OFFICES OF GARY L. TYSCH

21

22 | By:_____/s/ Gary L. Tysch_____
     GARY L. TYSCH

23 | Attorneys for Plaintiff HEALTHCARE
     JUSTICE COALITION CA CORP.

24

25

26

27

28

20

**COMPLAINT**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| GARY L. TYSCH, SBN 128389<br>LAW OFFICES OF GARY L. TYSCH, 16133 Ventura Blvd., Suite 580, Encino, CA 91436<br>TELEPHONE NO.: 818-995-9555      FAX NO.: 818-995-9550<br>EMAIL ADDRESS: gltysch@pacbell.net<br>ATTORNEY FOR *(Name):* Plaintiff HEALTHCARE JUSTICE COALITION | Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>4/24/2024 12:42 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By E. Galicia, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 1725 Main Street
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Monica, CA 90401
BRANCH NAME: Santa Monica Courthouse. West District

CASE NAME:
HEALTHCARE JUSTICE COALITION v. UNITEDHEALTH GROUP, INC., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited    [ ] Limited<br>(Amount      (Amount<br>demanded    demanded is<br>exceeds $35,000)   $35,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 24STCV10280 |
| | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [X] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more
       issues that will be time-consuming to resolve      courts in other counties, states, or countries, *or* in a federal
   c. [ ] Substantial amount of documentary evidence       court
                                           f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* Three; Breach of Implied Contract, Open Book Account and Unfair Competition
5. This case [ ] is [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: April 11, 2024
GARY L. TYSCH
      (TYPE OR PRINT NAME)                    ► *Gary L. Tysch*
                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to
  the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.    Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courts.ca.gov*

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

For your protection and privacy, please press the Clear
This Form button after you have printed the form.



Print this form | Save this form | Clear this form

| SHORT TITLE | CASE NUMBER |
|---|---|
| HEALTHCARE JUSTICE COALITION v. UNITEDHEALTH GROUP, et al. | 24STCV10280 |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☑ 1801 Insurance Coverage (not complex) | 1, 2, 5 8 |

| LASC CIV 109 Rev. 01/23 | CIVIL CASE COVER SHEET ADDENDUM | LASC Local Rule 2.3 |
|---|---|---|
| For Mandatory Use | AND STATEMENT OF LOCATION | |

| SHORT TITLE | CASE NUMBER |
|---|---|
| HEALTHCARE JUSTICE COALITION v. UNITEDHEALTH GROUP, et al. | |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | | |
|---|---|---|
| 1. | Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. | Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. | Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. | Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. | Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. | Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| HEALTHCARE JUSTICE COALITION v. UNITEDHEALTH GROUP, et al. | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>           Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| HEALTHCARE JUSTICE COALITION v. UNITEDHEALTH GROUP, et al. | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation (Continued)** | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 01/23

For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| HEALTHCARE JUSTICE COALITION v. UNITEDHEALTH GROUP, et al. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON: □ 1. □ 2. □ 3. □ 4. ☑ 5. □ 6. □ 7. □ 8. □ 9. □ 10. □ 11 | ADDRESS: 4917 W. Jefferson Blvd., #180 |
|---|---|

| CITY: Los Angeles, | STATE: CA | ZIP CODE: 90016 | |
|---|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___West___ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: __04/11/2024__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>04/24/2024<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ E. Galicia _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>24STCV10280 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | Armen  Tamzarian | 52 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    David W. Slayton, Executive Officer / Clerk of Court

on 04/24/2024 _____                          By E. Galicia _____, Deputy Clerk
    (Date)

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**



# Superior Court of California, County of Los Angeles

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or decision by a judge or jury.

### Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

    **Mediation may be appropriate when the parties**
    - want to work out a solution but need help from a neutral person.
    - have communication problems or strong emotions that interfere with resolution.

    **Mediation may not be appropriate when the parties**
    - want a public trial and want a judge or jury to decide the outcome.
    - lack equal bargaining power or have a history of physical/emotional abuse.

### How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish.  Options include:

a.  **The Civil Mediation Vendor Resource List**
    If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

    - **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com
      (213) 683-1600
    - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org
      (833) 476-9145

    **These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept.  Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

    **NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

b.  **Los Angeles County Dispute Resolution Programs.**  Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases. https://dcba.lacounty.gov/countywidedrp/

    **Online Dispute Resolution (ODR).**  Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.  https://my.lacourt.org/odr/

c.  Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3.  **Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome.  In "binding" arbitration, the arbitrator's decision is final; there is no right to trial.  In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.  For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4.  **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | FILED<br>Superior Court of California<br>County of Los Angeles<br>04/30/2024<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ M. Isunza _____ Deputy |
| PLAINTIFF:<br>HEALTHCARE JUSTICE COALITION CA CORP., a California Co<br>DEFENDANT:<br>UNITEDHEALTHCARE BENEFITS PLAN OF CALIFORNIA, a Cali | |
| NOTICE OF CASE MANAGEMENT CONFERENCE | CASE NUMBER:<br>24STCV10280 |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 08/23/2024 | Time: 8:30 AM | Dept.: 52 |
|---|---|---|

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 04/30/2024

Judicial Officer   Armen Tamzarian / Judge

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in Los Angeles _____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Gary Leonard Tysch
16133 Ventura Blvd Ste 580
Encino, CA 91436

David W. Slayton, Executive Officer / Clerk of Court

Dated: 04/30/2024

By M. Isunza
Deputy Clerk

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter 7KUHH