SEYFARTH SHAW LLP
Kathleen Cahill Slaught (SBN 168129)
E-mail: kslaught@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

SEYFARTH SHAW LLP
Ryan R. Tikker (SBN 312860)
E-mail: rtikker@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

*Attorneys for Defendants*
UnitedHealth Group Incorporated;
UnitedHealthcare Benefits Plan of California, Inc.; UMR, Inc.; UnitedHealthcare Community Plan of California, Inc.; UnitedHealthcare Insurance Company; UnitedHealthcare Insurance Company of America

LAW OFFICES OF GARY L. TYSCH
Gary L. Tysch, Esq. (SBN 128389)
gltysch@pacbell.net
16133 Ventura Boulevard, Suite 580,
Encino, CA 91436
Tel: (818) 995-9555
Fax: (818) 995-9550

Attorneys for Plaintiff
HEALTHCARE JUSTICE COALITION CA CORP.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HEALTHCARE JUSTICE COALITION CA CORP., <br><br> Plaintiff, <br><br> v. <br><br> UNITED HEALTH GROUP, INC.; UNITEDHEALTHCARE BENEFITS PLAN OF CALIFORNIA; UMR, INC.; UNITEDHEALTHCARE COMMUNITY PLAN OF CALIFORNIA, INC.; UNITEDHEALTHCARE INSURANCE COMPANY; UNITEDHEALTHCARE INSURANCE COMPANY OF AMERICA; and DOES 1 THROUGH 20, inclusive, <br><br> Defendants. | Case No. 2:24-cv-04715-MWF-SK <br><br> STIPULATED PROTECTIVE ORDER |

1. INTRODUCTION

1.1 PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

1.2 GOOD CAUSE STATEMENT

This action is likely to involve confidential health information, trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential health information, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the

prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

        The Parties acknowledge that information produced in discovery, regardless of its designation under this Order, may contain information subject to trade secret protection, or which may be highly confidential and proprietary business information subject to protection under applicable law, including personal and health information subject to the protections of, inter alia, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the applicable requirements of the Standards for Privacy of Individually Identifiable Health Information and its implementing regulations issued by the U.S. Department of Health and Human Services (45 C.F.R. Parts 160-64; HIPAA Privacy Regulations), and Local Civil Rule 5.3 (collectively, "Privacy Laws"), which protect the confidentiality of individually identifiable personal and health information.  The Parties and all non-party signatories to this Order agree to take all measures necessary to comply with the requirements of the Privacy Laws and any other applicable laws governing the privacy of trade secrets, confidential and proprietary business information, and personal and health information.  Such measures include, but are not limited to, the development, implementation, maintenance, and use of appropriate administrative, technical, and physical safeguards, in compliance with the Privacy Laws and applicable state and federal laws, to preserve the integrity, confidentiality, and

availability of protected information. The Parties and all non-party signatories to this Order expressly agree that the citations to the Privacy Laws in this paragraph are for convenience only and that it remains the obligation of each party to the action and third-party signatory to understand and comply with the obligations imposed by the Privacy Laws and any other potentially applicable state and federal law.

2.  DEFINITIONS

    2.1  Action: *Healthcare Justice Coalition CA Corp. v. UnitedHealth Group Inc., et al.*, Case No. 2:24-cv-04715-MWF-SK.

    2.2  Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

    2.3  "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

    2.4  Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

    2.5  Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

    2.6  Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

    2.7  Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8 House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11 Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

2.15 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or

compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial will be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose

unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") or "ATTORNEYS' EYES ONLY" (hereinafter "AEO legend") legend to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection will be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" or "AEO legend" to each page that contains

1  Protected Material. If only a portion or portions of the material on a page qualifies
2  for protection, the Producing Party also must clearly identify the protected portion(s)
3  (e.g., by making appropriate markings in the margins).
4         (b)  for testimony given in depositions, the Designating Party may:
5         1. identify on the record, before the close of the deposition, all testimony that
6  should be designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," by
7  specifying all portions of the testimony to be so designated; or
8         2. designate the entirety of the testimony at the deposition as
9  "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" (before the deposition is
10  concluded) with the right to identify more specific portions of the testimony as to
11  which protection is sought within 45 days following receipt of the deposition
12  transcript.
13         3. In circumstances where portions of the deposition testimony are designated
14  for protection, the transcript pages containing Protected Material may be separately
15  bound by the court reporter, who must affix to the top of each page the legend
16  "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as instructed by the
17  Designating Party.
18         4. Following any deposition, both Parties agree to treat the entire deposition
19  transcript and exhibits as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"
20  until the 45-day window for designation following receipt of the transcript has
21  passed. If the deposition is taken less than 45 days before the start of the trial, the
22  time period for designating the transcript shall be reduced accordingly. Protected
23  Material shall not lose its character because it is used as an exhibit to a deposition,
24  regardless of whether the deposition or deposition transcript itself is later
25  designated, in whole or part, as "CONFIDENTIAL" or "ATTORNEYS' EYES
26  ONLY." The Parties agree that, with the exception of the witness and court
27  reporter, the only persons permitted under this Order to be present during the
28  disclosure or use of designated documents or information during a deposition,

whether "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" are those permitted pursuant to the terms of this Order to review the information or material sought to be used. Absent an agreement between the Parties, if all persons present at the deposition are not permitted under this Order to review the information or material sought to be used, any person not so permitted shall be instructed by the designating Party to leave the room during the period(s) in which the "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" documents or information is being used and/or discussed, to the extent reasonably possible. During the course of a deposition, counsel may anticipate such disclosure and designate in advance certain deposition exhibits, deposition testimony and portions of any deposition transcript as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, will identify the protected portion(s). Any designation of such information must be done prior to, or contemporaneously with, the production of the information, subject to Paragraph 5.3 below

5.3    <u>Inadvertent Failures to Designate</u>.   The inadvertent production by any of the undersigned Parties or non-Parties to this Proceeding of any material, during discovery without a "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation shall be without prejudice to any claim that such item is "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and such Party shall not be held to have waived any rights by such inadvertent production. If any material subject to a "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production

within thirty (30) days of discovery of the inadvertent production, together with a copy of the subject material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced material shall promptly destroy the inadvertently produced material and all copies thereof. The receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. This provision of the Order is not intended to apply to any inadvertent production of any material protected by attorney-client or work product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of material, such law shall govern.

6.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

    6.1  <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

    6.2  <u>Meet and Confer</u>.  The Challenging Party will initiate the dispute resolution process (and, if necessary, file a discovery motion) under Local Rule 37.1 *et seq*.

    6.3  <u>Burden</u>.  The burden of persuasion in any such challenge proceeding will be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties will continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

    7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    Protected Material shall not be used for any business, commercial, competitive, personal or other purpose, including, but not limited to, the initiation of other pre-litigation disputes or litigation between the Parties or their related entities and/or with Non-Parties, and shall not be disclosed by the receiving party to anyone other than those permitted by this Order, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Protected Material, provided that such advice and opinions shall not reveal the content of such Protected Material except by prior written agreement of counsel for the parties, or by order of the Court.

    7.2    <u>Disclosure of Protected Material</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses ,and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

All Protected Material designated as "ATTORNEYS' EYES ONLY," produced or disclosed by either Party in this Proceeding shall not be shown or

communicated to anyone other than the persons identified in §§ 7.2(a), (c), (d), (e), (f), (g), (h), and (i), above, provided that House Counsel may review Attorneys' Eyes Only Material designated as "ATTORNEYS' EYES ONLY" if (1) the in-house counsel is designated by a Party, and disclosed to all other Parties, in advance of disclosure; and (2) the disclosure is reasonably necessary for the prosecution or defense of the action.

Persons receiving Attorneys' Eyes Only Material designated as "ATTORNEYS' EYES ONLY" shall not make further disclosure to anyone except as allowed by this Order. Documents designated as "ATTORNEYS' EYES ONLY" shall be maintained only at the offices of such Qualified Persons identified in §§ 7.2(a), (c), (d), (e), (f), (g), (h), and (i),and only working copies shall be made of such documents

7.3  <u>Use at Hearing or Trial</u>. In advance of a hearing or trial in this matter, including the sixty (60) day period before trial, the Parties also agree to confer in good faith to reach an agreement regarding the appropriate protections in the event one or both Parties seek to use "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" documents or information at a hearing, trial, and/or in preparation for a hearing and trial. Nothing in this Order shall limit a Party's ability to use its own documents or information, however designated, at a hearing or at trial in this Proceeding, subject to the Court's determination of the admissibility of the documents or information.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," that Party must:

      (a) promptly notify in writing the Designating Party. Such notification will include a copy of the subpoena or court order;

      (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification will include a copy of this Stipulated Protective Order; and

      (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order will not produce any information designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party will bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

      (a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" "ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

      (b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is

subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party will:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party will not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party will bear the burden and expense of seeking protection in this court of its Protected Material.

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12. <u>MISCELLANEOUS</u>

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material may do so only after giving notice to the Producing and Designating Parties and must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material

under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

12.4   Data Breach.  If a party learns that material that party received in discovery pursuant to this Order has been the subject of a data breach, that party must promptly notify the producing party of the breach, and cooperate with that party to address the breach.

12.5   Acknowledgment List. All counsel shall maintain all Acknowledgements signed by persons to whom disclosure of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information was made.

13.   FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or

1 | constitute Protected Material remain subject to this Protective Order as set forth in
2 | Section 4 (DURATION).
3 |
4 | 14. <u>WILLFUL VIOLATION</u>
5 |     Any willful violation of this Order may be punished by civil or criminal
6 | contempt proceedings, financial or evidentiary sanctions, reference to disciplinary
7 | authorities, or other appropriate action at the discretion of the Court.
8 |
9 | IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.
10 |
11 | DATED: June 25, 2024      <u>/s/ Gary L. Tysch</u> (with consent)
12 |                                      Attorneys for Plaintiff
13 |                                      HEALTHCARE JUSTICE COALITION CA CORP.
14 |
15 | DATED: June 25, 2024      <u>/s/ Ryan R. Tikker</u>
16 |                                      Attorneys for Defendants
17 | UNITEDHEALTH GROUP INCORPORATED;
18 | UNITEDHEALTHCARE BENEFITS PLAN OF CALIFORNIA, INC.; UMR, INC.;
19 | UNITEDHEALTHCARE COMMUNITY PLAN OF CALIFORNIA, INC.;
20 | UNITEDHEALTHCARE INSURANCE COMPANY; UNITEDHEALTHCARE INSURANCE COMPANY OF AMERICA.
21 |
22 |
23 | FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.
24 |
25 |
26 | DATED: <u>  June 27, 2024  </u>     _____
27 |                                        HON. STEVE KIM
28 |                                        United States Magistrate Judge

**FILER'S ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Ryan R. Tikker, attest under penalty of perjury that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: June 25, 2024                             By: */s/ Ryan R. Tikker*
                                                                Ryan R. Tikker

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of _____ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of _____ [**insert case name and number**]. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____