UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 24-04715-MWF (SKx) | **Date:** January 27, 2025 |
| **Title:** Healthcare Justice Coalition CA Corp. v. UnitedHealth Group, Inc. et al. | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Amy Diaz |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [15]

    Before the Court is Plaintiff Healthcare Justice Coalition CA Corp's Motion to Remand (the "Motion"), filed on August 5, 2024. (Docket No. 15). Defendants UnitedHealth Group, Inc., UnitedHealthcare Benefits Plan of California, Inc., UMR, Inc., UnitedHealthcare Community Plan of California, Inc., UnitedHealthcare Insurance Company, and UnitedHealthcare Insurance Company of America (collectively, "Defendants") filed an Opposition on September 17, 2024. (Docket No. 18). Plaintiff filed a Reply on October 7, 2024. (Docket No. 20).

    On October 15, 2024, Plaintiff filed supplemental authority in support of the Motion. (Docket No. 22). Defendants filed objections to Plaintiff's submission of supplemental authority on October 16, 2024, which are overruled as moot. (Docket No. 23). The Court would have reached the same conclusion with or without Plaintiff's filing.

    The Court has read and considered the Motion and held a hearing on **October 21, 2024**.

    For the reasons set forth below, the Motion is **GRANTED**, and this action is **REMANDED** to Los Angeles County Superior Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-04715-MWF (SKx)            **Date:** January 27, 2025
**Title:** Healthcare Justice Coalition CA Corp. v. UnitedHealth Group, Inc. et al.

## I. BACKGROUND

On April 24, 2024, Plaintiff commenced this action in Los Angeles County Superior Court. (*Id.* ¶ 3). Plaintiff is the assignee of various emergency medical groups (the "Providers") whose physicians rendered emergency care and treatment to patients in several hospitals in California. (*Id.* ¶ 4). Plaintiff's mission is to ensure emergency medical providers obtain adequate and full payment for services rendered. (*Id.* ¶ 3). Defendants are health insurers and/or managed health care companies and service plans. (*Id.* ¶ 2). Plaintiff alleges that Defendants underpaid or failed to pay for emergency medical services that Providers' physicians rendered to members and subscribers of Defendants' healthcare service plans. (*Id.* ¶ 10).

At the time that the physicians rendered the alleged emergency services, the Providers did not have contracts with Defendants; rather, the Providers set their own reasonable rate and charges for the care they provided to Defendants' members. In other words, they were "out-of-network" providers. (*Id.* ¶ 22). Plaintiff alleges that, pursuant to the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. §1395dd, and California Health & Safety Code section 1317, the Providers had a duty to render emergency services to all patients regardless of their insurance coverage or ability to pay. (*Id*. ¶ 40). The relationship between the Providers and Defendants, however, arose solely out of California statutory and contract law. (*Id*. ¶ 41); (Motion at 7).

California's Knox-Keene Health Care Service Plan Act of 1975 ("Knox-Keene Act") "established required levels of payment for emergency and certain post-emergency stabilization care for out-of-network providers." (Complaint ¶ 9); Cal. Health & Safety Code §§ 1340 et seq. Plaintiff alleges that, under the Knox-Keene Act, Defendants are required to pay Plaintiff the "reasonable and customary value of the emergency services provided by the Providers," but Defendants failed to do so. (Complaint ¶ 9–10).

Based on the above allegations, Plaintiff brings the following causes of action: (1) common law breach of implied contract; (2) common law open book accounting; and (3) a violation of the Unfair Competition Law (Cal. Bus. & Prof. §§ 17200 et seq.).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 24-04715-MWF (SKx) | **Date:** January 27, 2025 |
| **Title:** Healthcare Justice Coalition CA Corp. v. UnitedHealth Group, Inc. et al. | |

(Complaint ¶¶ 38–60). Plaintiff "explicitly cho[se] not to pursue any rights or causes of action based on the Employee Retirement Income Security Act of 1974 (ERISA) or the Medicare Act." (Complaint ¶ 18). Instead, Plaintiff's claims "arise out of interactions" between the Providers and Defendants and "are based upon the rights and duties of [Defendants], under California law." (*Id.* ¶ 19). "Plaintiff does **not** seek to enforce the contractual rights of [Defendants'] members or subscribers through their members' insurance contracts, policies, certificates of coverage or other written insurance agreements . . ." (*Id.*) (emphasis in original).

On June 5, 2024, Defendants removed this action on the following grounds: (1) the existence of a substantial federal question, (2) ERISA complete preemption, and (3) federal officer removal. (Notice of Removal (Docket No. 1) ¶¶ 16–56).

Plaintiff seeks to remand this action back to Los Angeles County Superior Court. (Motion at 10).

## II. LEGAL STANDARD

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 24-04715-MWF (SKx) | Date:  January 27, 2025 |
| Title:  Healthcare Justice Coalition CA Corp. v. UnitedHealth Group, Inc. et al. | |

"The general rule, referred to as the 'well-pleaded complaint rule,' is that a civil action arises under federal law for purposes of § 1331 when a federal question appears on the face of the complaint." *City of Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020) (citing *Caterpillar*, 482 U.S. at 392).  However, complete preemption is "an exception to the well-pleaded complaint rule." *Saldana v. Glenhaven Healthcare LLC*, 27 F.4th 679, 686 (9th Cir. 2020) (citing *City of Oakland*, 969 F.3d at 905).  Complete preemption applies if a well-pleaded complaint establishes a state-law cause of action but "requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern Cal. et al.*, 463 U.S. 1, 13 (1983); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (complete preemption is invoked when "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule' ") (citing *Metropolitan Life Ins. Co v. Taylor*, 481 U.S. at 65).

## III.   DISCUSSION

Defendants argue that removal is proper because (1) Plaintiff's claims are completely preempted by ERISA; (2) the federal officer removal statute applies; and (3) the Complaint raises a substantial question of federal law.  (Notice of Removal ¶¶ 16–56).

### A.   ERISA Preemption

Defendants assert that Plaintiff's claims are completely preempted under ERISA § 502(a), 29 U.S.C. § 1131(a).  (Notice of Removal ¶¶ 22–36).  Complete preemption under ERISA § 502(a) "confers federal subject matter jurisdiction for claims that nominally arise under state law." *Fossen v. Blue Cross & Blue Shield of Montana, Inc.*, 660 F.3d 1102, 1107 (9th Cir. 2011).

A state law cause of action is preempted by § 502(a) of ERISA if (1) an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B); and (2) there is no other independent legal duty that is implicated by a defendant's actions. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004).  The two-prong test is conjunctive; both prongs must be met for there to be complete

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 24-04715-MWF (SKx) | Date: January 27, 2025 |
| Title: Healthcare Justice Coalition CA Corp. v. UnitedHealth Group, Inc. et al. | |

preemption. *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 947 (9th Cir. 2009).

### 1. Prong One

As to the first prong, ERISA provides a right of action to participants or beneficiaries of a plan, the Secretary of Labor, employers of participants, and employee organizations with an obligation to contribute to a multiemployer plan. 29 U.S.C. § 1132(a). Participants and beneficiaries may also assign their rights to benefits under an ERISA plan to their healthcare providers, thus giving providers the right to act in place of the participant or beneficiary. *See e.g.*, *S. Coast Specialty Surgery Ctr., Inc. v. Blue Cross of California*, 90 F.4th 953, 960 (9th Cir. 2024); *Misic v. Bldg. Serv. Emps. Health & Welfare Tr.*, 789 F.2d 1374, 1377 (9th Cir. 1986).

The parties do not dispute that Plaintiff is not a plan participant, beneficiary, or healthcare provider. Rather, Defendants contend that, despite Plaintiff's assertion that it is not bringing claims pursuant to any assignments from beneficiaries, the Complaint "demonstrates the likely existence of assignments," establishing that Plaintiff "can assert an ERISA claim based on the rights of the participants and/or providers." (Notice of Removal ¶ 31); (Opposition at 19). In other words, Defendants argue that Plaintiff could have brought ERISA claims as a sub-assignee of the Providers. Plaintiff's response is twofold. First, Plaintiff disputes that it has derivative authority as an assignee of a medical provider under *Simon v. Value Behav. Health, Inc.*, 208 F.3d 1073 (9th Cir. 2000). Second, Plaintiff contends that any purported assignments are irrelevant because "[t]he claims and state law causes of action are based upon Defendants' course of conduct with respect to third party emergency providers and upon acts which were violative of California law, such that the claims and causes of action asserted by Plaintiff involve duties and rights which are completely independent of ERISA." (Reply at 7).

To begin, Defendant is correct that *Simon* does not outrightly reject derivative standing for sub-assignees of medical providers, as Plaintiff suggests. *See Bristol SL Holdings, Inc. v. Cigna Health & Life Ins. Co.*, 22 F.4th 1086, 1092 (9th Cir. 2022) (extending derivative standing to the sub-assignee and "successor-in-interest through

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-04715-MWF (SKx)            **Date:** January 27, 2025
**Title:** Healthcare Justice Coalition CA Corp. v. UnitedHealth Group, Inc. et al.

bankruptcy" of a medical provider). However, Defendant has failed to demonstrate the "likely existence of assignments" received by Providers, and thereby Plaintiff, from beneficiaries. Rather, Defendants submitted evidence that, for a singular claim related to one patient, a provider noted that they had obtained an assignment. (*See* Declaration of Jane Stalinkski, Ex. A (Docket No. 18-1) ¶ 7); (*see also* Claim Submission Form, Ex. 4 (Docket No.18-1)). The Court is not persuaded that existence of a possible assignment for 1 out of the 3,470 disputed claims establishes that Plaintiff could have brought its claims under ERISA. *See Lodi Mem'l Hosp. Ass'n v. Tiger Lines, LLC*, CV 15-00319-MCE, 2015 WL 5009093, at *5 (E.D. Cal. Aug. 20, 2015) (finding prong one of the *Davila* test was satisfied where Defendants submitted evidence "that for each claim form submitted by Plaintiff for payment, [Plaintiff] indicated that it had received an assignment of benefits from the patient.").

     Defendant further argues that the Complaint's references to "the direct submission of claims and receipt of payments" indicates an existence of assignments under ERISA. (Opposition at 19). In its Notice of Removal, Defendant explains that "[b]ecause the providers could not have submitted direct claims and received direct payments, absent assignments, the allegation that the providers in fact received such payments demonstrates the likely existence of assignments." (Notice of Removal at 9). However, the Complaint identifies "independent rights to payment," that do not rely on the existence of assignments under ERISA, for its claims that Defendant owed the Providers more than the reimbursement they received. (Complaint ¶ 20) (noting Plaintiff "seeks payment . . . based upon their own independent rights to payment, by virtue of their statutory rights to reimbursement under California law and their entitlement to payment based upon California law.").

     Moreover, as the party seeking to invoke federal jurisdiction, Defendant "bears the burden of proving that plaintiff's claim[s] [are] completely preempted" and thereby "also bears the burden of establishing a valid assignment." *Reiten v. CIGNA Health & Life Ins. Co.*, CV 20-2330-FMO (AGRx), 2020 WL 1862462, at *3 (C.D. Cal. Apr. 14, 2020) (cleaned up). Defendants may not merely assume and rely on the "likely existence of assignments" to establish complete preemption. (Opposition at 19); *see Reiten*, 2020 WL 1862462, at *3 (rejecting an insurer's argument that, absent a written

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-04715-MWF (SKx)           **Date:** January 27, 2025
**Title:** Healthcare Justice Coalition CA Corp. v. UnitedHealth Group, Inc. et al.

contract between the provider and insurer, the existence of assignments should be assumed).

     It appears that at least two district courts have held otherwise. *See Sanjiv Goel, M.D., Inc. v. United Healthcare Servs., Inc.*, CV 23-10071-HDV (SSCx), 2024 WL 1361800, at *5 (C.D. Cal. Mar. 29, 2024) (finding submission of claims and receipt of payment is only possible with an assignment of benefits); *Lodi Mem'l Hosp. Ass'n v. Tiger Lines, LLC*, No. 2:15-CV-00319-MCE, 2015 WL 5009093 (E.D. Cal. Aug. 20, 2015) (same). Other district courts, however, have maintained that "absent evidence" of assignments "to establish complete preemption removal over a third-party provider's state-law claims, Defendant[s] cannot satisfy the first prong of the *Davila* test." *Roohipour v. ILWU-PMA Welfare Plan*, 2020 WL 472921, at*4 (C.D. Cal. Jan. 28, 2020); *see also Healthcare Just. Coal. CA Corp. v. Aetna, Inc.*, No. 2:24-CV-04681-CBM-RAOX, 2024 WL 4458543, at *4 (C.D. Cal. Oct. 10, 2024) ("Nor have Defendants submitted evidence establishing that Plaintiff is a double assignee. Defendants 'bear[ ] the burden of proving the existence of jurisdictional facts.'") (citation omitted).

     Given the burden placed on Defendant and the "strong presumption against removal jurisdiction," this Court resolves any ambiguity resulting from these divergent approaches "in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citation omitted); *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal," statutes conferring jurisdiction are "strictly construed and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.") (citations and quotations omitted).

     Accordingly, the first *Davila* prong is not satisfied.

        2.    **Prong Two**

     Because Defendants fail to meet their burden as to the first prong, the Court need not reach the second prong of the *Davila* test. However, for the sake of completion, the Court analyzes the second prong below.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 24-04715-MWF (SKx) | **Date:** January 27, 2025 |
| **Title:** Healthcare Justice Coalition CA Corp. v. UnitedHealth Group, Inc. et al. | |

"The Ninth Circuit has found that" claims "solely based on the Providers' independent relationship with Defendants . . . are not preempted by ERISA." *Healthcare Justice Coalition CA Corp.*, 2024 WL 4458543, at *3; *see e.g., Cath. Healthcare West-Bay Area v. Seafarers Health & Benefits Plan*, 321 F. App'x 563, 564 (9th Cir. 2008) ("Although [plaintiff] could have brought an ERISA claim derivatively as an assignee, the Complaint does not assert a derivative claim . . . [T]he claims are based on independent state law, and the dispute involves a contract . . . between a third party provider and a plan—a relationship that is not governed by ERISA."); *Marin Gen. Hosp.,* 581 F.3d at 948 (9th Cir. 2009) ("The mere fact that Providers could have brought suit against [the defendant] under § 502(a)(1)(B) did not automatically mean that Providers could not bring some other suit against [the defendant] based on some other legal obligation.").

The Complaint expressly states that Plaintiff's claims arise out of the interactions between the Providers and Defendants, "which gave rise to quasi-contractual, contractual and/or statutory rights to recovery" separate from any ERISA derivative rights the Providers may have obtained. (Complaint ¶ 20). The Providers "disclaim and do not seek to assert any derivative claims that could be asserted by a patient of the Providers, including any claims under ERISA or any claims for recovery of benefits under the terms of any ERISA Plan . . ." *Id.* Where a third party brings a claim "based on contractual obligations arising directly between the provider and the ERISA plan . . . no ERISA-governed relationship is implicated and the claim is not preempted." *Cath. Healthcare West-Bay Area*, 321 F. App'x at 564; *see also Emsurgcare v. UnitedHealthcare Ins. Co.*, CV 24-03654-SB (Ex), 2024 WL 2892319, at *5 (C.D. Cal. June 7, 2024) ("[I]t is Plaintiffs' prerogative to choose which claims to pursue. The fact that Plaintiffs could have also asserted the assigned ERISA rights does not mean that they were required to do so in addition to asserting a separate right to payment under the Knox–Keene Act.").

Defendants further argue that some of the statutes Plaintiff relies on to establish independent legal duties do not actually apply to Defendants. (Opposition at 25–26). It appears that some district courts have denied remand after deciding a statute did not give rise to an independent legal duty because it did not apply to a particular defendant. *See e.g.*, *Sagebrush LLC v. Cigna Health & Life Ins. Co.*, CV 24-00353-CJC, 2024 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 24-04715-MWF (SKx) | Date: January 27, 2025 |
| Title: Healthcare Justice Coalition CA Corp. v. UnitedHealth Group, Inc. et al. | |

2152458, at *3 (C.D. Cal. May 13, 2024) (denying remand after deciding a defendant was not subject to the Knox-Keene Act); *Sanjiv Goel, M.D., Inc.*, 2024 WL 1361800, at *5 (same). Other district courts, however, have concluded such analysis is improper. *See e.g., Alta Los Angeles Hosps., Inc. v. Blue Cross of California*, CV 17-03611-ODW (MRWx), 2017 WL 3671156, at *3 (C.D. Cal. Aug. 24, 2017) ("[T]he viability (or lack thereof) of Plaintiff's non-ERISA legal theories does not change the fact that those theories, as pleaded, do not implicate any duty under ERISA and thus do not give rise to jurisdiction under complete preemption. . . . The Court's duty is simply to analyze the claims as pleaded."); *Emsurgcare v. UnitedHealthcare Ins. Co.*, CV 24-03654-SB (Ex), 2024 WL 2892319, at *6 (C.D. Cal. June 7, 2024) (concluding determination of the merits of a claim "is not appropriate unless the Court first determines that it has jurisdiction" and noting a split in district courts regarding this approach). Again, these divergent approaches, at minimum, "suggest[] uncertainty, which must be resolved in favor of remand." *Emsurgcare*, 2024 WL 2892319, at *6.

Accordingly, Defendants have failed to demonstrate the Plaintiff could have brought its claim under ERISA.

### B. Federal Officer Removal

Defendants contend that Plaintiff "*concedes* federal jurisdiction" because, in its Motion, Plaintiff ignored the fact that Defendants also sought removal based on the ground of federal officer removal. (Opposition at 10) (emphasis in original). But lack of subject matter jurisdiction may be raised by the district court sua sponte. Fed. R. Civ. P. 12(h)(3). Indeed, courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Because there is no complete preemption under ERISA, the Court must determine whether Defendants' other grounds for removal are proper.

Under 28 U.S.C. §1442 (a)(1), "[t]he United States . . . or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity," may remove any action brought "for or relating to any act under color of such office." A party seeking removal under §1442 must

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 24-04715-MWF (SKx)                              Date:  January 27, 2025
Title:       Healthcare Justice Coalition CA Corp. v. UnitedHealth Group, Inc. et al.

demonstrate: "(a) it is a 'person' within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a 'colorable federal defense.'" *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006) (internal citation omitted).

Defendants argue that removal under §1442 is proper because Defendant UnitedHealthcare Insurance Company ("UHIC") contracts as a Medicare Advantage Organization, and 153 of the 3,470 disputed claims in the Complaint are Medicare Advantage claims. (Opposition at 8, 11). However, Defendants acknowledge that "Plaintiff's Complaint did not identify the disputed benefit claims," and the alleged identification of 153 claims covered by Medicare Advantage plans was made pursuant to Defendants' own analysis using data principally from UHIC's systems. (*Id.* at 8); (Declaration of Jules A. Levenson (Docket No. 18-2) ¶¶ 6–8).

The Complaint expressly contradicts Defendants' assertion. Plaintiff "does not seek to pursue any . . . Medicare benefits under any Medicare Advantage plan, and explicitly disclaims any intent to assert, in this action, any derivative right to benefits from . . . any Medicare Advantage plan or any delegee of such Medicare Advantage Plan." (Complaint ¶ 18). In their Reply, Plaintiff reiterates this point and further states that "[a]ny inclusion of claims in the spreadsheets provided by Plaintiff to Defendants were inadvertent and will be removed, as soon as they are identified as Medicare claims." (Reply at 19).

Defendants argue that these purported disclaimers are irrelevant because the removal status is premised on the existence of a colorable federal defense, and thus, neither the constriction of the Complaint nor Plaintiff's disclaimers are pertinent to the analysis. (Opposition at 15). However, the existence of a colorable defense is necessarily predicated on Plaintiff's seeking reimbursement from Medicare Advantage plans. (*See id.* at 13). Based on the limited evidence provided by Defendants and the small proportion of claims purportedly related to the Medicare Advantage Plan, the Court is not persuaded that Plaintiff actually seeks to do so.

---

**CIVIL MINUTES—GENERAL**                                                                                          10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 24-04715-MWF (SKx) | Date: January 27, 2025 |
| Title: Healthcare Justice Coalition CA Corp. v. UnitedHealth Group, Inc. et al. | |

Because Defendants did not establish that Plaintiff is asserting any claims against them in their capacity as Medicare Advantage Organizations, removal under § 1442 is improper.

### C. Substantial Federal Question

Defendants argue that removal is proper because the Complaint presents substantial federal questions. (Opposition at 15–18). "A 'special and small category' of state law cases may be brought in federal court." *Lake v. Ohana Mil. Communities, LLC*, 14 F.4th 993, 1006 (9th Cir. 2021). Federal jurisdiction over a state law claim is proper if a federal issue is: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). "Jurisdiction is proper where all four of these requirements are met because in such a case, there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum.'" *Negrete v. City of Oakland*, 46 F.4th 811, 818 (9th Cir. 2022) (quoting *Gunn*, 568 U.S. at 258) (internal quotations and brackets omitted).

The Court concludes that the Complaint does not necessarily raise a substantial issue of federal law. Defendants argue that Plaintiff's Complaint raises a question regarding the scope of obligations under EMTALA. Specifically, Defendants dispute that EMTALA "has any role in obligating Defendants to reimburse additional plan benefits," and the implied contract that Plaintiff claims exists is premised on duties created by a combination of federal and state law. (Notice of Removal at 6); (Opposition at 16). However, Plaintiff is merely asserting that the Providers "themselves had a duty to provide emergency care to patients based upon EMTALA, not that Defendants had any duty to pay them at all or at any particular rate established by EMTALA." (Reply at 19); (*see also* Complaint ¶ 40). Plaintiff, instead, asserts that "California common law and Health & Safety Code § 1371.4 impose a reciprocal duty on health plans . . . and their delegees to accurately pay the Providers and other physicians for the provision of emergency medical care to their members." (Complaint ¶ 41).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 24-04715-MWF (SKx)                              **Date:**  January 27, 2025
**Title:**        Healthcare Justice Coalition CA Corp. v. UnitedHealth Group, Inc. et al.

"The 'mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.'" *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 674 (9th Cir. 2012) (quoting *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813). Rather, the federal issues should be "pivotal as opposed to merely incidental." *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1045 (9th Cir. 2003) (internal quotation marks and citation omitted). Defendants have failed to make that showing here.

Accordingly, the Motion is **GRANTED**, and this action is **REMANDED** to Los Angeles County Superior Court.

IT IS SO ORDERED.